IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:14-CR-144-BO
No. 5:16-CV-189-BO

| | |
|---|---|
| LAMONT REGINALD FAGAN, JR., )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | ORDER |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 51]. The government has moved to dismiss the petition, [DE 55], and the matter is ripe for disposition. For the reasons discussed below, the government's motion to dismiss is granted and petitioner's motion is dismissed.

## BACKGROUND

On November 17, 2014, petitioner pleaded guilty, pursuant to a plea agreement [DE 35], to conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846. On March 17, 2015, the Court sentenced petitioner to 120 months' imprisonment and 5 years' supervised release. [DE 43, 44]. This sentence was below the advisory guideline range of imprisonment recommended in petitioner's presentence investigation report (PSR). [DE 39 at 13, ¶ 69]. Petitioner did not appeal his judgment.

On April 19, 2016, petitioner filed the instant motion under § 2255 seeking to vacate his sentence and remand for resentencing. [DE 51]. In his motion, petitioner argued that his Sixth Amendment right to effective assistance of counsel was violated because : (1) his counsel failed to object to a two-level offense level increase pursuant to USSG § 2D1.1(b)(1) [DE 51-1 at 3–7]; (2) his counsel was ineffective in advising petitioner to accept a plea agreement stipulation to a

particular drug amount [DE 51-1 at 7–8]; and (3) his counsel was ineffective in "deliberately and intentionally [holding petitioner's] case file to prevent him from meeting the one year limitation to file his § 2255" [D.E. 51-1 at 9]. Petitioner also argues that this Court lacked the jurisdiction to rely on "statutory directives" in 21 U.S.C. § 841(b) [D.E. 51-1 at 10].

## DISCUSSION

"To survive a motion to dismiss pursuant to Rule 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Under § 2255(b), [u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief, the court must grant a prompt hearing to determine the issues and make findings of fact and conclusions of law with respect thereto." *United States v. Thomas*, 627 F3d 534, 539 (4th Cir. 2010) (internal quotation omitted). However, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)).

In order to demonstrate that the assistance of counsel was ineffective in violation of the Sixth Amendment, a petitioner must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In accordance with *Strickland*, the prejudice prong is evaluated first if the lack of sufficient prejudice alone can dispose of the ineffective assistance claim. *Id.* at 697. In order to

2

establish *Strickland* prejudice in the context of a guilty plea, a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

The Court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," and "[j]udicial scrutiny of counsel's performance must be highly deferential." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (citing *Strickland*, 466 U.S. at 689–90)). "Counsel are afforded a strong presumption that their performance was within the extremely wide range of professionally competent assistance." *Baker v. Corcoran*, 220 F.3d 276, 293 (4th Cir. 2000) (quoting *Strickland*, 466 U.S. at 689). In considering whether counsel's performance was deficient, a court "must not permit hindsight to distort [its] assessment of counsel's performance, and [it] must appreciate that counsel may choose a trial strategy from within a wide range of acceptable strategies." *Clagett v. Angelone*, 209 F.3d 370, 380 (4th Cir. 2000).

Petitioner first argues that his counsel was ineffective when she failed to object to a two-level offense level increase pursuant to USSG § 2D1.1(b)(1) for possession of a firearm during commission of the crime. [DE 51-1 at 3–7]. Petitioner argues that his counsel should have raised this objection because statements and evidence in his PSR were improperly used to justify this enhancement because they were contrary to the rules of evidence, used to prove elements of the crime subject to Sixth Amendment protection, or non-testifying witness statements subject to confrontation clause protection. [DE 51-1 at 6]. The enhancement for use of a firearm was based upon statements from two co-conspirators to officers, one of whom stated that petitioner "always had a handgun during the transactions." [DE 39 at 4, ¶ 13].

"[A] sentencing court [may] consider 'any relevant information before it, including

3

uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy.'" *United States v. Powell*, 650 F.3d 388, 392 (4th Cir. 2011) (quoting *United States v. Wilkinson*, 590 F.3d 259, 269 (4th Cir. 2010)); USSG § 6A1.3(a) (allowing sentencing courts to consider all relevant and reliable information at sentencing, regardless of admissibility at trial). Courts have long held that the right to confrontation does not apply at sentencing, *United States v. Umana*, 750 F.3d 320, 346 (4th Cir. 2014), and, similarly, nor do the Federal Rules of Evidence. *United States v. Wilkinson*, 590 F.3d 259, 269 (4th Cir. 2010); Fed. R. Evid. 1101(d)(3) (exempting sentencing proceedings from the Federal Rules of Evidence). A challenge to inclusion of such statements in his PSR under the confrontation clause or the Rules of Evidence would have been meritless, and petitioner's counsel was not ineffective for not making such challenges.

To the extent petitioner argues his counsel was ineffective for not objecting to the enhancement on the basis that the inclusion of statements in his PSR bypassed his right to a jury trial on those facts which enhanced his sentence, such an argument is without merit. While juries must find any facts that increase either the statutory maximum or minimum sentence to be imposed, "factfinding used to guide judicial discretion in selecting a punishment 'within limits fixed by law'" is not governed by the Sixth Amendment. *Alleyne v. United States*, 133 S. Ct. 2151, 2161 n.2 (2013) (quoting *Williams v. New York*, 337 U.S. 241, 246 (1949)). The two-level enhancement for use of a firearm during commission of the crime only guided judicial discretion in imposing a sentence within the statutory limits, and therefore the failure of petitioner's counsel to make such an objection does not constitute ineffective assistance of counsel. For these reasons, petitioner did not allege facts showing prejudice, because petitioner has not shown a reasonable probability that, had counsel challenged the firearms enhancement, petitioner's

4

sentence ultimately would have been lower.

Finally, counsel's performance must be viewed under a highly deferential standard, and petitioner has failed to state a claim in regard to counsel's performance at sentencing which would suggest that it fell below an objective standard of reasonableness. The papers supplied by petitioner reflect that his counsel believed that there was a preponderance of the evidence to support the enhancement and that objecting to the enhancement would be frivolous and may have ended up hurting petitioner at sentencing. [DE 51-4 at 3]. The decision not to challenge what counsel believed to likely be a meritless claim is a strategic decision and well within the "extremely wide range of professionally competent assistance." *Baker*, 220 F.3d at 293.

Petitioner also argues his counsel was ineffective in advising petitioner to accept a plea agreement stipulation to a particular drug amount. [DE 51-1 at 7–8]. Petitioner appears to argue that his counsel should not have advised him to accept the plea bargain because the agreement held him accountable for conduct not listed in the indictment and petitioner argues that he should be sentenced only on the basis of conspiracy to distribute 28 grams of cocaine base. *Id.*

Petitioner pled guilty to Count One of the indictment for conspiracy to distribute and possess with the intent to distribute "a quantity of cocaine base (crack) <u>exceeding</u> 28 grams," in violation of 21 U.S.C. § 846. [DE 35] (emphasis added). In calculating the amount of cocaine base involved in the conspiracy, the PSR reflects that petitioner should have been held accountable for 978.5 grams of cocaine base. [DE 39 at 5, ¶ 14]. As a result of the plea agreement, however, petitioner received the benefit of a lower drug amount and lower base offense level. [DE 39 at 13, ¶ 70]. Petitioner does not allege any facts showing that he should have been found liable for conspiracy to distribute only 28 grams of cocaine base, nor does petitioner challenge any of the evidence in the PSR which was used to calculate the amount of

cocaine base involved in the conspiracy for which he was indicted. As a result, petitioner has not given any basis upon which to conclude counsel was ineffective in advising petitioner to accept the plea agreement stipulation which reduced his sentence, and petitioner has not alleged sufficient facts to show that it would have been objectively reasonable for him to plead not guilty and go to trial.

Petitioner's third basis for claiming ineffective assistance of counsel, that counsel "deliberately and intentionally [held petitioner's] case file to prevent him from meeting the one year limitation to file his § 2255" [D.E. 51-1 at 9], also fails to state a claim upon which relief can be granted. The government has not challenged the timeliness of petitioner's motion, and therefore this argument is moot.

Petitioner's claims regarding his counsel do not reveal any alleged errors which were "so serious that [counsel] was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2004) (internal quotation and citation omitted). For these reasons, the Court finds that petitioner has failed to state a claim of ineffective assistance of counsel upon which relief can be granted.

Petitioner also argues in his motion that this Court lacked the jurisdiction to sentence him because the Court cannot rely on "statutory directives" in 21 U.S.C. § 841(b). [DE 51-1 at 10]. This claim fails given the record in this matter. As petitioner's judgment reflects, petitioner was convicted of conspiracy to distribute and possess with the intent to distribute 28 grams or more of cocaine base (crack), in violation of 21 U.S.C. §§ 841(b)(1)(B) and 846. [DE 44 at 1]. The statutory range of imprisonment for this offense was between 5 years and 40 years, as reflected in petitioner's plea agreement. [DE 35 at 4]. Petitioner's statutory range of imprisonment could be increased to 10 years to life [DE 35 at 5], but the government did not file a notice under 21

6

U.S.C. § 851. As a result, petitioner's statutory range of imprisonment remained between 5 and 40 years. Petitioner received a sentence within that range. As a result, petitioner has failed to state a claim that warrants vacating his judgment in this matter.

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

Accordingly, for the foregoing reasons, respondent's motion to dismiss [DE 55] is GRANTED and petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 [DE 51] is DISMISSED. A certificate of appealability is DENIED.

SO ORDERED, this **18** day of April, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

7